AO (Rev. 5/85) Criminal Complaint

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.

ARMANDO AMAYA-LOPEZ

**CRIMINAL COMPLAINT**

Case No. 3:21-mj- 1532-PDB

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about December 5, 2021, in Duval County, in the Middle District of Florida, the defendant,

> a citizen of Mexico and an alien in the United States, was found unlawfully present in the United States without first having obtained the consent of the Attorney General or the Secretary of Homeland Security for the United States to apply for admission to or re-enter the United States after having been deported and removed from the United States on or about April 28, 2010, and on or about October 28, 2012,

in violation of Title 8, United States Code, Section 1326. I further state that I am a Special Agent for the United States Department of Homeland Security, Homeland Security Investigations, and that this Complaint is based on the following facts:

SEE ATTACHED AFFIDAVIT

Continued on the attached sheet and made a part hereof:   ☒ Yes   ☐ No

Signature of Complainant
Scott R. Kraich

Sworn to before me and subscribed in my presence,

on December ___, 2021          at          Jacksonville, Florida

PATRICIA D. BARKSDALE
United States Magistrate Judge
Name & Title of Judicial Officer

Signature of Judicial Officer

## CRIMINAL COMPLAINT AFFIDAVIT

I, Scott R. Kraich, being a duly sworn and appointed Special Agent for the United States Department of Homeland Security, Homeland Security Investigations ("HSI"), hereby declare as follows:

1. Your affiant has been a Special Agent of HSI since November 2008. Previously, your affiant was employed as a Correctional Probation Senior Officer and Correctional Probation Officer for the Florida Department of Corrections for approximately nine years and six months. Your affiant has training and experience in the preparation, presentation, and service of criminal complaints and training and experience in the service of arrest warrants.

2. The information set forth in this affidavit is based on your affiant's personal knowledge as well as information obtained from other sources, as described herein. Because this affidavit is submitted for the limited purpose of establishing probable cause, this affidavit does not set forth all information known to me regarding this investigation. Your affiant has only set forth facts sufficient to support a finding of probable cause.

3. On December 5, 2021, your affiant was told by Manuel Vega, Field Program Manager for Immigration and Customs Enforcement ("ICE") Enforcement and Removal Operations ("ERO"), that on December 5, 2021, an individual who identified himself as Carlos Luis Colon Martinez was booked into the Duval County Pre-Trial Detention Facility in Jacksonville, Florida. After he was booked into the

jail, he was referred for an interview regarding his immigration status by Officer Cornell Brunson with the Jacksonville Sheriff's Office. Officer Brunson has been deputized to perform the functions of an immigration officer pursuant to 8 U.S.C. § 1357(g).

4. On December 7, 2021, Officer Brunson told your affiant that he interviewed the subject on December 5, 2021. During this interview, the subject stated, among other things, that his true name was ARMANDO AMAYA-LOPEZ and that he took the identity of a United States citizen because he wanted to stay in the United States with his children. AMAYA-LOPEZ also stated that he had entered the United States illegally from Mexico into Texas in 2013, without being inspected or admitted by an immigration officer, and that he had been previously deported from the United States.

5. Officer Brunson also told your affiant that he entered AMAYA-LOPEZ's fingerprints into a biometric identification system that compared his fingerprints with the fingerprints of individuals who had been previously encountered by immigration authorities. The system returned a match and reflected that AMAYA-LOPEZ had been previously encountered and had been assigned an Alien Registration number ("A-number"). Officer Brunson then conducted additional immigration database checks using the A-number and the records reflected that AMAYA-LOPEZ is a citizen of Mexico who has been previously deported from the United States to Mexico.

6. On December 6, 2021, your affiant queried immigration databases for records related to AMAYA-LOPEZ and the records reflected that he was deported or removed from the United States to Mexico on April 28, 2010, and on October 28, 2012.

7. On December 6, 2021, your affiant called ICE's Law Enforcement Support Center ("LESC") in Vermont and asked them to run immigration database checks on AMAYA-LOPEZ to see if there was any record that he had ever applied for or received permission to return to the United States. These checks revealed that AMAYA-LOPEZ has never sought or received such permission. The LESC also confirmed that AMAYA-LOPEZ was deported or removed from the United States to Mexico on April 28, 2010, and on October 28, 2012.

Based upon the foregoing, your affiant believes there is probable cause to establish that ARMANDO AMAYA-LOPEZ is a citizen of Mexico who has been found unlawfully present in the United States without first having obtained the consent of the Attorney General or the Secretary of Homeland Security for the United States to apply for admission to or re-enter the United States after having been deported or removed from the United States, in violation of Title 8, United States Code, Section 1326.

Scott R. Kraich, Special Agent
Homeland Security Investigations
Jacksonville, Florida